NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE DALE HALBERT, | ) | No. C 03-0237 JF (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND RESTRAINING ORDER; GRANTING DEFENDANTS' EX PARTE MOTION FOR EXTENSION OF TIME; DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME AS MOOT |
| vs. | ) | |
| ALAMEDA COUNTY DEPUTY SHERIFF HERBERT, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 24, 28, 42, 50) |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint challenges the conditions of his confinement while he was a civil detainee at the Alameda County Jail pending trial proceedings pursuant to California's "Sexually Violent Predators Act," (SVPA) see Cal. Welf & Inst. Code §§ 6600 - 6609.3. The Court initially dismissed Plaintiff's complaint with leave to amend as to eight of the claims and dismissed two claims without leave to amend. Plaintiff filed an amended complaint. On March 29, 2005, the Court ordered service of the amended

1  complaint. Plaintiff filed a motion for a preliminary/permanent injunction, or in the
2  alternative a temporary restraining order. Defendants filed an ex parte motion for an
3  extension of time to file a motion for summary judgment. The Court will DENY
4  Plaintiff's motion for preliminary injunction or temporary restraining order (docket no.
5  24) without prejudice. The Court will GRANT Defendants' ex parte request for
6  extension of time (docket no. 28). The Court will DENY Plaintiff's motions for
7  extension of time (docket nos. 42, 50) as moot. Defendants' motion for summary
8  judgment is now submitted.

## DISCUSSION

A. <u>Motion for Preliminary/Permanent Injunction or Temporary Restraining Order</u>

Plaintiff has filed a motion for a preliminary/permanent injunction, or in the alternative a temporary restraining order. Plaintiff requests that the Court issue an injunction or restraining order to: (1) prevent Defendants from housing Plaintiff in the Alameda County Jail, Santa Rita Facility, during all future civil commitment proceedings beginning in May 2005, (2) require Defendants to house Plaintiff in the nearest state, county or local "secure" mental health facility during all future civil commitment proceedings; (3) require the Alameda County Sheriff's Department to transport Plaintiff from Atascadero State Hospital to the nearest state, county, or local mental health facility, prior to all future judicial proceedings; and (4) grant any other relief the Court deems proper, fair or necessary. <u>See</u> Pl.'s Mot. at 3.

The Ninth Circuit has held that requests for injunctive relief may be based upon either of two sets of criteria. The "traditional" test requires the movants to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants[1]; and (4) show that granting the injunction favors the public interest.

---

[1] The district court cannot properly balance the hardships without taking into account the hardship, or lack of hardship, to the non-movants. <u>Armstrong v. Mazurek</u>, 94 F.3d 566, 568 (9th Cir. 1996).

Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).

The "alternative" test requires that the movants demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor. See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990); Alaska v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988); American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Diamontiney, 918 F.2d at 795. At the very least, however, the moving party must show a fair chance of success on the merits. Armstrong v. Mazurek, 94 F.3d 566, 567 (9th Cir. 1996).

The Court concludes that Plaintiff has not shown sufficient facts to establish that he actually faces irreparable harm. Although the medical treatment provided to Plaintiff at the county jail may not include the same level of services as provided at the state hospital, Plaintiff has not shown he is in imminent danger due to any severe medical condition. Nor has Plaintiff shown his probable success on the merits. While Plaintiff cites to the Ninth Circuit's decision in Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), to support his motion, the Jones court remanded the action with instructions to allow the government to demonstrate legitimate, non-punitive interests justifying the conditions on the detainee awaiting SVPA proceedings, and to show that the restrictions imposed on the detainee were not excessive in relation to these interests. Id. at 935. Similarly, the Defendants in the instant action have an opportunity to demonstrate these interests in their pending motion for summary judgment. Accordingly, Plaintiff's motion for a preliminary/permanent injunction or temporary restraining order (docket no. 24) is DENIED without prejudice.

B.   Motions for Extension of Time

On March 29, 2005, the Court ordered service of the complaint on the Defendants and directed Defendants to file a motion for summary judgment or other dispositive motion, or to notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion within sixty days. On July 25, 2005, summons were issued to Defendants. On August 25, 2005, Defendants filed an ex parte motion for an extension of time to file a motion for summary judgment. The Court concludes that Defendants have shown good cause for such extension. Defendants' motion for extension of time (docket no. 28) is GRANTED.

Plaintiff has filed two motions for an extension of time requesting that the Court allow him additional time to respond to the pending motion for summary judgment. Although the Court concludes that Plaintiff has shown good cause for the extensions, Plaintiff timely filed an opposition to Defendants' motion on February 21, 2006. Accordingly, Plaintiff's motions (docket nos. 42, 50) are DENIED as moot. Plaintiff has filed a letter with the Court requesting a copy of the March 29, 2005 order of service. The Clerk shall send Plaintiff a copy of the March 29, 2005 order.

## CONCLUSION

1.   Plaintiff's motion for preliminary/permanent injunction, or in the alternative a temporary restraining order, (docket no. 24) is DENIED without prejudice.

2.   Defendants' motion for enlargement of time (docket no. 28) is GRANTED.

3.   Plaintiff's motions for extension of time (docket nos. 42, 50) are DENIED as moot because Plaintiff has timely filed his opposition on February 21, 2006.

4.   The Clerk shall send Plaintiff a copy of the March 29, 2005 order (docket no. 23).

IT IS SO ORDERED.

DATED: 3/2306

_____
JEREMY FOGEL
United States District Judge

Order Denying Plaintiff's Motion for Preliminary Injunction and Restraining Order; Granting Defendants' Ex Parte Motion for Extension of Time; Denying Plaintiff's Motions for Extension of Time as Moot
P:\pro-se\sj.jf\cr.03\Halbert237tromisc

A copy of this order was mailed to the following:

Lawrence Dale Halbert Sr.
048178-8
Atascadero State Hospital
10333 El Camino Real
P.O. Box 7001   Unit 29
Atascadero, CA  93423-7001


Andrea S. Carlise
Steven C. Wolan
Patton, Wolan, & Boxer
1814 Franklin Street
Suite 501
Oakland, CA  94612-3438

Order Denying Plaintiff's Motion for Preliminary Injunction and Restraining Order; Granting Defendants' Ex Parte Motion for
Extension of Time; Denying Plaintiff's Motions for Extension of Time as Moot
P:\pro-se\sj.jf\cr.03\Halbert237tromisc