\*\*Original filed 9/28/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE DALE HALBERT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALAMEDA COUNTY DEPUTY<br>SHERIFF HERBERT, et al.,<br><br>　　　　Defendants. | No. C 03-0237 JF (PR)<br><br>ORDER CONTINUING<br>DEFENDANTS' MOTION<br>FOR SUMMARY<br>JUDGMENT; DIRECTING<br>PLAINTIFF TO FILE<br>RESPONSE<br><br>(Docket No. 52) |

　　　　Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement while he was a civil detainee at the Alameda County Jail pending trial proceedings pursuant to California's "Sexually Violent Predators Act," ("SVPA") see Cal. Welf & Inst. Code §§ 6600 - 6609.3.  The Court initially dismissed Plaintiff's complaint with leave to amend as to eight of the claims and dismissed two claims without leave to amend.  Plaintiff filed an amended complaint.  On March 29, 2005, the Court ordered service of the amended complaint.  The Court granted Defendants' ex parte request for extension of time to file a motion for summary judgment and Defendants filed a motion for summary judgment on January 26, 2006 addressing the

1 merits of the amended complaint.  Plaintiff has filed an opposition alleging that the
2 motion is premature because discovery is on going and incomplete and that there are
3 material facts in dispute.  Plaintiff maintains that Defendants are still in the process of
4 obtaining documents based upon Plaintiff's discovery requests.  See Pl.'s Opp'n at 2-4.
5 Defendants have filed a reply asserting that Plaintiff fails to identify what evidence he
6 needs to discover and that there is no pending or outstanding discovery in this action.  See
7 Defs. Reply at 4; Decl. of Jasper I. Rasmussen In Support of Defs. Reply at 2.

## DISCUSSION

Federal Rule of Civil Procedure 56(f) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery.  See Fed. R. Civ. P. 56(f); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).  In making a Rule 56(f) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment."  Id. at 853; see, e.g., Nicholas v. Wallenstein, 266 F.3d 1083, 1088-89 (9th Cir. 2001) (district court did not abuse its discretion in denying motion for continuance under Rule 56(f) where plaintiffs had already conducted a large amount of informal discovery and where they did not make clear what information was sought and how it would preclude summary judgment); Margolis, 140 F.3d at 853-54 (district court correctly denied motion for continuance to engage in further discovery under Rule 56(f) where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation"); see also Noriega-Perez v. United States, 179 F.3d 1166, 1170 n.1 (9th Cir. 1999) (denial of discovery motion proper where party failed to show requested documents were relevant and could have affected the outcome of the summary judgment motion); Weinberg v. Whatcom County, 241 F.3d 746, 750-51 (9th Cir. 2001) (where plaintiff was represented by counsel, district court did not abuse its discretion in denying plaintiff's request for

1 continuance to obtain expert report, which was made in memorandum and at oral
2 argument, rather than in Rule 56(f) motion).

3      Summary judgment is disfavored where relevant evidence remains to be
4 discovered, particularly in cases involving confined pro se plaintiffs. Jones v. Blanas,
5 393 F.3d 918, 930 (9th Cir. 2004); Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.
6 1988). Summary judgment in the face of requests for additional discovery in such cases
7 is appropriate only where such discovery would be "fruitless" with respect to the proof of
8 a viable claim. Jones, 393 F.3d at 930; Klingele, 849 F.2d at 412.

9      The Court notes that Plaintiff has had a substantial period of time to conduct
10 discovery and has already filed his opposition to Defendants' motion for summary
11 judgment. However, the Court will allow Plaintiff to file a response **within fourteen**
12 **days**, as set forth below, explaining: (1) what, if any, additional discovery remains to be
13 done; and (2) why this potential discovery is essential before a resolution of the issues
14 presented in the pending motion for summary judgment. Defendants may file a reply to
15 Plaintiff's response, **within fourteen days**, as set forth below. The Court notes that
16 Plaintiff's request for further discovery is not granted at this time, rather the Court will
17 allow Plaintiff to articulate his discovery request and provide specific facts, and the
18 relevance of these facts, to the issues pending in Defendants' motion for summary
19 judgment.

## CONCLUSION

21   1.  Defendants' motion for summary judgment (docket no. 52) is DENIED
22 without prejudice and CONTINUED in order for the parties to submit further briefing as
23 set forth below.

24   2.  **Within fourteen days of this order**, Plaintiff shall file a response to this
25 order, and serve a copy on Defendants' counsel, explaining: (1) what, if any, additional
26 discovery remains to be done; and (2) why this potential discovery is essential before a
27 resolution of the issues in the pending motion for summary judgment. If Plaintiff fails to
28 file a response, the Court will re-notice and review the merits of the pending motion for

1  summary judgment.

2       3.    Defendants may file a reply to Plaintiff's response no later than **fourteen**
3  **days** after receipt of Plaintiff's response.

4       4.    The response shall be deemed submitted as of the date Defendants' reply is
5  due. Once the matter is submitted, the Court will re-notice Defendants' motion for
6  summary judgment, and if appropriate at that time, rule upon the motion. No hearing will
7  be held on the response, or the motion unless the Court so orders at a later date.

8       5.    All communications by the Plaintiff with the Court must be served on
9  Defendants' counsel by mailing a true copy of the document to Defendants' counsel.

10      6.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
11 Court and the parties informed of any change of address and must comply with the
12 Court's orders in a timely fashion. Failure to do so may result in the dismissal of this
13 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14      IT IS SO ORDERED.

15 DATED: __9/28/06__           /s/jeremy fogel
                                                                           JEREMY FOGEL
16                                                                             United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1  A copy of this order was mailed to the following:

Lawrence Dale Halbert Sr.
21701 Foothill Blvd., # 127
Hayward, CA  94541

Steven C. Wolan
Andrea S. Carlise
Jesper I. Rasmussen
Patton, Wolan, & Boxer
1814 Franklin Street
Suite 501
Oakland, CA  94612-3438

Order Continuing Defendants' Motion for Summary Judgment; Directing Plaintiff to File Response
P:\pro-se\sj.jf\cr.03\Halbert237discmtd          5